******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JAVIER
VALENTIN PORFIL
(SC 20379)

Robinson, C. J., and McDonald, D'Auria,
Kahn, Ecker and Keller, Js.

Argued October 13, 2020—officially released April 30, 2021*

*Procedural History*

Substitute information charging the defendant with the crimes of possession of narcotics with intent to sell by a person who is not drug-dependent, sale of narcotics within 1500 feet of a school, possession of drug paraphernalia, possession of narcotics and interfering with an officer, brought to the Superior Court in the judicial district of Waterbury, geographical area number four, and tried to the jury before *Harmon, J.*; verdict and judgment of guilty, from which the defendant appealed to the Appellate Court, *Prescott*, *Elgo* and *Harper*, *Js.*, which affirmed the judgment of the trial court, and the defendant, on the granting of certification, appealed to this court. *Appeal dismissed.*

*James B. Streeto*, senior assistant public defender, for the appellant (defendant).

*Laurie N. Feldman*, deputy assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *David A. Gulick*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Javier Valentin Porfil, appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court, which affirmed his conviction, rendered after a jury trial, of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes (Rev. to 2015) § 21a-278 (b), sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b), possession of drug paraphernalia in violation of General Statutes § 21a-267, possession of narcotics in violation of General Statutes (Rev. to 2015) § 21a-279 (a), and interfering with an officer in violation of General Statutes (Rev. to 2015) § 53a-167a. *State* v. *Porfil*, 191 Conn. App. 494, 497–98, 215 A.3d 161 (2019). On appeal, the defendant challenges the Appellate Court's conclusion that the evidence adduced at trial was sufficient to support his conviction of possession of narcotics with intent to sell by a person who is not drug-dependent and possession of narcotics because the state produced sufficient evidence to prove beyond a reasonable doubt that he had constructive possession of the narcotics recovered by the police from a building located at 126-128 Walnut Street in Waterbury. The defendant contends, specifically, that, because "the [narcotics] were found [on] the second floor landing of a stairway in a common portion of a multiunit apartment building," and because there was no evidence of a "direct connection, or 'nexus,' individually linking [him] to the contraband," the Appellate Court incorrectly determined that there was sufficient evidence for the jury to find that the defendant was aware of the narcotics' presence and that he exercised dominion and control over the narcotics.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

\* April 30, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] We granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court correctly conclude that the evidence of constructive possession was sufficient to sustain the defendant's conviction of possession of narcotics and possession of narcotics with intent to sell by a person who is not drug-dependent, when the narcotics that formed the basis for the conviction were found in a common area over which the defendant did not have exclusive possession?" *State* v. *Porfil*, 333 Conn. 923, 923–24, 218 A.3d 67 (2019).